UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x
:
UNITED STATES OF AMERICA
:          CONSENT PRELIMINARY ORDER
- v. -        OF FORFEITURE AS TO SPECIFIC
:          PROPERTY/
GINA GUY,              MONEY JUDGMENT
:
Defendant.              S1 25 Cr. 29 (JGK)
:
------------------------------------ x

WHEREAS, on or about May 26, 2026, GINA GUY (the "Defendant"), was

charged in a one-count Superseding Information, S1 25 Cr. 29 (JGK) (the "Information"), with

wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count One);

WHEREAS, the Information included a forfeiture allegation as to Count One of the

Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code,

Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property,

real and personal, that constitutes or is derived from proceeds traceable to commission of the

offenses charged in Count One of the Information, including but not limited to a sum of money in

United currency representing the amount of proceeds traceable to the commission of the offenses

charged in Count One of the Information;

WHEREAS, on or about May 26, 2026, the Defendant pled guilty to

Count One of the Information, pursuant to a plea agreement with the Government, wherein the

Defendant admitted the forfeiture allegation with respect to Count One of the Information and

agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section

981(a)(1)(C) and Title 28 United States Code, Section 2461(c), (i) a sum of money equal to

$1,488,706.01 in United States currency, representing proceeds traceable to the commission of

commission of the offenses charged in Count One of the Information; and (ii) all right, title and interest of the Defendant in the following;

a.  $673,380.66 in United States currency formerly on deposit in Santander Bank account 8949609134 in a bank account jointly held by the Defendant and another;

b.  Miscellaneous jewelry seized by the Government on or about June 25, 2024, from the Defendant's residence located in New York, New York, including the following:

   i.     Cartier Cuff Links;
   ii.    14K Yellow Gold Synthetic Stones Studs;
   iii.   18K White Gold Diamond Dangle Earrings;
   iv.    14K Yellow Gold Diamond Hamsa and Evil Eye Disc Bracelet;
   v.     Red Thread Bracelet 18k Yellow Gold Clasp;
   vi.    Sterling Silver "Tiffany" blue bag on 18" "Tiffany" chain;
   vii.   14K Yellow Gold Tennis Bracelet;
   viii.  14K Yellow Gold Bezel Set;
   ix.    18K White Gold Two Row Dangle Chandelier Earrings;
   x.     14K White Gold Double C Post Earrings;
   xi.    14K Yellow Gold Solitaire Diamond Ring;
   xii.   14K Gold Hamsa Pendant Necklace;
   xiii.  Silver Chanel Earrings; and
   xiv.   Gold Rings with yellow and white gems;

c.  $6,663 in United States currency seized by the Government on or about June 25, 2024, from the Defendant's residence located in New York, New York;

(a. through c., collectively, the "Specific Property");

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $1,488,706.01 in United States currency representing the amount of proceeds traceable to the offenses charged in Count One of the Information that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all her right, title and interest in the Specific Property, as property that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Count One of the Information;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Count One of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property in its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorneys Diarra M. Guthrie and Lauren E. Phillips, of counsel, and the Defendant and her counsel, William Castro, Esq., that:

1.      As a result of the offenses charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $1,488,706.01 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Count One of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2.      As a result of the offenses charged in Count One of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.    All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278, and shall indicate the Defendant's name and case number.

5.    The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.    Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.    Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the official government internet website, www.forfeiture.gov. This website incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet notice for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the

internet notice on this official government internet website, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.    The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.    Pursuant to 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11.    Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate

or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

13.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14.    The signature page of this Consent Preliminary Order of Forfeiture as to

Specific Property/Money Judgment may be executed in one or more counterparts, each of which

will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York


By:    _____          May 1, 2026
Diarra M. Guthrie                                May 26, 2026
Lauren E. Phillips                               DATE
Assistant United States Attorney
26 Federal Plaza
New York, NY 10278
(212) 637-2463/2231


GINA GUY

By:    _____          5/5/26
Gina Guy                                         DATE


By:    _____          5/5/26
William Castro, Esq.                             DATE
Attorney for Defendant
8724 S.W. 72nd Street, #205
Miami, Florida 33173

SO ORDERED:

_____                 5/26/26
HONORABLE JOHN G. KOELTL                         DATE
UNITED STATES DISTRICT JUDGE